IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JILLIAN PARKER, on behalf of herself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> DENNY'S, INC.; and DOE, DEFENDANTS 1-10 <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br> Case No. 4:21-cv-10886 |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiff, Jillian Parker ("Parker" or "Plaintiff") and Defendant, Denny's, Inc. ("Defendant" or "Denny's") (together, the "Parties"), request approval of their agreement to settle this action in its entirety. Because this settlement resolves claims under the Fair Labor Standards Act (FLSA), the settlement should be approved by the Court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (citing 29 U.S.C. § 216(b)).

The Parties request that the Court approve this settlement, since it reflects a fair and reasonable compromise of the disputed claims in this action, and thereafter dismiss Plaintiff's lawsuit with prejudice.

## I. BACKGROUND

On May 27, 2021, Plaintiff filed this action against Denny's Inc. alleging that Defendant violated the FLSA and Massachusetts law. Plaintiff alleges that Defendant violated the FLSA by: failing to provide her notice that she would be paid on a tip credit basis; improperly paying her the tip credit minimum wage for time spent working in a "dual job" unrelated to her work as a server; and improperly paying her at the tip credit minimum wage for the time she spent performing allegedly excessive "non-tipped" duties "related" to her server work. Plaintiff's Complaint also includes analogous causes of action under Massachusetts law. Defendant denies any violation of the FLSA and Massachusetts law.

Based upon a discussion of Plaintiff's claims and the exchange of extensive written discovery and responsive documents, the Parties reached a preliminary settlement. The Parties executed a settlement agreement on February 6, 2022, a copy of which is attached hereto as Exhibit A. As part of the resolution of this dispute, Defendant has agreed to pay Plaintiff a total of $4,000.00. *Id*. This amount is broken down as follows: (i) $2,000.00 payable to Plaintiff as unpaid wages; and (ii) $2,000.00 payable to Plaintiff as liquidated damages. *See id*. In addition, the Parties have separately and independently negotiated Plaintiff's attorneys' fees and costs to avoid compromising Plaintiff's claims. The agreement

settles all of Plaintiff's claims through the date Plaintiff executed the agreement, including all claims at issue in this lawsuit.

## II. THE COURT SHOULD APPROVE THE SETTLEMENT

The settlement of FLSA claims must be approved by a court or supervised by the Secretary of Labor. 29 U.S.C. § 216(c); *Lynn's Food Stores*, 679 F.2d at 1353; *Singleton v. AT&T Mobility Servs., LLC*, 146 F. Supp. 3d 258 (D. Mass. Nov. 12, 2015) ("[t]he private settlement of FLSA claims requires the approval of either the Department of Labor or the district court."). A FLSA settlement should be approved where it is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Michaud v. Monro Muffler Brake, Inc*., No. 2:12-CV-00353-NT, 2015 WL 1206490, at *9 (D. Me. Mar. 17, 2015); *see Gabel v. SA Midtown LLC*, No. 13 Civ. 5928, 2015 U.S. Dist. LEXIS 81408 (S.D.N.Y. June 22, 2015).

Courts recognize a "strong presumption in favor of finding a settlement fair," because they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Martinez v. Hilton Hotels Corp*., No. 10 Civ. 7688, 2013 WL 4427917, at *1 (S.D.N.Y. Aug. 20, 2013). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Beckman v. Keybank. N.A*., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (citing *Lynn's Food Stores*, 679 F.2d at 1353-54); *see Cruz v. RW*

*Installation Inc.*, No. 15-20981-CIV, 2015 U.S. Dist. LEXIS 85660, at *1-2 (S.D. Fla. Jul. 1, 2015) ("A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation is more likely to reflect a reasonable compromise of disputed issues.").

First, a bona fide dispute exists. Plaintiff claims that Denny's improperly paid her the tip credit minimum wage for time spent working in a "dual job" unrelated to her work as a server, and that Denny's improperly paid her at the tip credit minimum wage for the time she spent performing allegedly excessive "non-tipped" duties "related" to her server duties. Defendant asserts that Plaintiff has been paid for all such time, as required by its practice and written policies. Defendant further contends that Plaintiff's time and pay records demonstrate that no FLSA violation has occurred. Thus, the Parties disagree as to whether Plaintiff is owed any back wages, creating a bona fide dispute of Plaintiff's FLSA claims. *Cruz*, 2015 U.S. Dist. LEXIS 85660, at *2.

Second, the settlement is fair and reasonable. In reaching this agreement, the Parties have taken into account the uncertainty and risks in litigation, and the costs that each party will incur if litigation continues. And, the Parties have done so after extensive written discovery and after Defendant took Plaintiff's deposition on January 6, 2022. The Parties have concluded that it is in their mutual interest to resolve the litigation of Plaintiff's claims in the manner set forth in the attached

agreement.  In addition, Plaintiff's attorneys' fees and costs have been negotiated independently and separately from Plaintiff's damages. *See Koch v. Wyhdham Worldwide Operations, Inc.,* 2014 WL 12779653 at *3 (M.D. Fla. Sept. 16, 2014) (finding attorneys' fees to be fair and reasonable when they were negotiated independently and separately from the employee's unpaid wages).

The Parties engaged in arm's-length and good-faith negotiations and reached a mutually agreeable settlement after each party made several settlement proposals. The Parties exchanged relevant information through formal written discovery to enable an accurate assessment of the merits of Plaintiff's claims.  Plaintiff's counsel acknowledges that Defendant's records may have created an obstacle to prevailing on Plaintiff's claims and Defense counsel acknowledges the difficulty of defending against Plaintiff's claims.  Plaintiff has fully considered the merits and potential value of her claims and determined that the proposed settlement provides a reasonable and fair resolution.  Defendant supports this result, since it eliminates the risks, uncertainty, and costs of further litigation.

### III.   CONCLUSION

Therefore, the Parties jointly request that the Court approve their settlement agreement as fair and reasonable and dismiss this action with prejudice.
Dated: February 9, 2022.

| | |
|---|---|
| */s/ Gerald D. Wells, III* | */s/ Luis A. Santos* |
| PASTOR LAW OFFICE, LLP | Michael C. Harrington, BBO#656144 |
| David Pastor (BBO # 391000) | CityPlace II |
| 63 Atlantic Avenue, 3d Floor | 185 Asylum Street, Suite 610 |
| Boston, MA 02110 | Hartford, Connecticut 06103 |
| Telephone: 617-742-9700 | (860) 740-1355 - Telephone |
| Email: dpastor@pastorlawoffice.com | (860) 578-2075 – Facsimile |
| THE LAW OFFICES OF SIMON & SIMON | Todd S. Aidman |
| James L. Simon | (admitted *pro hac vice*) |
| 5000 Rockside Road, Suite 520 | Florida Bar No. 173029 |
| Independence, OH 44131 | taidman@fordharrison.com |
| Telephone: (216) 525-8890 | Luis A. Santos |
| Email: james@bswages.com | (admitted *pro hac vice*) |
| CONNOLLY WELLS & GRAY, LLP | Florida Bar No. 84647 |
| Gerald D. Wells, III | lsantos@fordharrison.com |
| Robert J. Gray | Cullan E. Jones |
| 101 Lindenwood Drive, Suite 225 | (admitted *pro hac vice*) |
| Malvern, PA 19355 | Florida Bar No. 98615 |
| Telephone: 610-822-3700 | cjones@fordharrison.com |
| Facsimile: 610-822-3800 | 101 E. Kennedy Boulevard |
| gwells@cwglaw.com | Suite 900 |
| rgray@cwglaw.com | Tampa, Florida 33602 |
| LYNCH CARPENTER LLP | Telephone: (813) 261-7800 |
| Edwin Kilpela | Facsimile: (813) 261-7899 |
| Elizabeth Pollock-Avery | **Counsel for Defendant Denny's, Inc.** |
| 1133 Penn Ave, 5th Floor | |
| Pittsburgh, PA 15222 | |
| T:412-322-9243 | |
| F: 412-231-0246 | |
| ekilpela@lcllp.com | |
| eavery@lcllp.com | |
| BENDAU & BENDAU PLLC | |
| Clifford P. Bendau, II | |
| P.O. Box 97066 | |
| Phoenix, Arizona 85060 | |
| Telephone AZ: (480) 382-5176 | |
| Fax: (480) 304-3805 | |
| Email: cliff@bswages.com | |
| **Counsel for Plaintiff** | |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 9, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will transmit a copy to all counsel of record.

*/s/ Luis A. Santos*
Attorney

WSACTIVELLP:12897245.1