# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JILLIAN PARKER, on behalf of            )
herself and others similarly situated,  )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )   Case No. 4:21-cv-10886
                                        )
DENNY'S, INC.; and DOE,                 )
DEFENDANTS 1-10                         )
                                        )
            Defendants.                 )
_____/

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made between Jillian Parker ("Parker" or "Plaintiff") and Denny's, Inc. ("Denny's" or "Defendant"). Plaintiff and Defendant are referred to collectively herein as "the Parties." The Parties hereby agree as follows:

1. **Claims.** Plaintiff filed a Complaint in the U.S. District Court for the District of Massachusetts, titled *Jillian Parker, on behalf of herself and all others similarly situated, v. Denny's Inc.*, Case No. 4:21-cv-10886, alleging violation of the Fair Labor Standards Act ("FLSA") and analogous claims under Massachusetts State Law. The Parties disagree as to whether or not Plaintiff has any viable claim, but the Parties desire to fully and finally resolve this litigation.

2. **No Admission of Liability.** This Agreement does not constitute an admission by Defendant of violation of any law or statute and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purpose as evidence or admission of liability or wrongful conduct of any kind by Defendant.

3. **Monetary Consideration.** Within fourteen (14) business days after Defendant receives this executed settlement agreement from Plaintiff, the Court dismisses this action with prejudice, and Defendant's receipt of a W-4 and W-9 from Plaintiff, Defendant shall provide Plaintiff:

   (a) One settlement check in the gross amount of Two-Thousand Dollars and no cents ($2,000.00) less applicable employee withholdings made payable to Plaintiff for alleged unpaid wages; and

(b) One settlement check in the amount of Two Thousand Dollars and No Cents ($2,000.00) made payable to Plaintiff for liquidated damages, with no withholdings; and

(c) One settlement check in the amount of Seventeen Thousand Dollars and No Cents ($17,000) for attorneys' fees and costs payable to Connolly Wells & Gray, LLP. The Parties agree that the portion of the settlement sum attributable to attorneys' fees and costs was negotiated separately from and without regard to the amounts Plaintiff sought for compensation under the FLSA.

Defendant acknowledges and agrees that it shall be solely responsible for the payment of the employer portion of any taxes due and owing as a result of the payments set forth above, as well as any costs, fines or penalties incurred as a result of the failure to pay such taxes attributable to Defendant. Defendant further warrants and represents that under no circumstances shall the Plaintiff, or her counsel, pay the employer portion of any taxes or any amounts attributable to Defendant's employer tax obligation. Plaintiff understands that she will be responsible for any taxes beyond the employer portion of any taxes due and owing as a result of the above payments. Plaintiff understands that whether she will be responsible for any other taxes as a result of any payments made to her or her attorneys as part of this case is to be determined by the Internal Revenue Service, and Defendant has made no representation as to the taxability of any payments.

The Parties acknowledge and agree that Defendant shall issue to Plaintiff one W-2 for the check issued for back wages and one Form 1099 for the check issued for liquidated damages. The Parties further agree that Defendant shall issue Plaintiff's Counsel a Form 1099 for the check issued for attorneys' fees and costs.

By accepting the above-referenced sums, Plaintiff acknowledges and agrees that she has now been paid for all hours worked and all alleged overtime hours worked during her employment with Defendant and agrees that Defendant does not owe her any other monies with regard to compensation associated with hours worked. Plaintiff further acknowledges and agrees that she has been paid all wages (including overtime compensation) due to her from Defendant for all hours worked. Finally, Plaintiff specifically agrees that the above payment represents full compensation for the FLSA claims asserted in her lawsuit and the analogous claims under Massachusetts State Law. Plaintiff further specifically agrees that any claim she may have had under the FLSA is now moot.

4. **Waiver and Release of FLSA Claims**. Plaintiff hereby releases, on her own behalf and on behalf of anyone who could claim by or through her, Defendant, its predecessors and successors in interest, assignees, parents, subsidiaries, divisions, and related companies and entities, and its past, present and future shareholders, officers, directors, supervisors, managers, employees, agents, attorneys, insurers, and representatives (hereafter collectively referred to as "Defendant"), in their individual and official capacities, and its heirs and legal representatives, of and from, any and all claims under the FLSA or any other wage-related statute, including claims under Massachusetts State Law, arising out of Plaintiff's employment with Defendant prior to the execution of this Agreement.

5. **Representation**. Plaintiff, on behalf of herself and on behalf of anyone who could claim by or through her, including but not limited to Plaintiff's descendants, dependents, heirs, executors, administrators, assigns, and successors, (hereinafter "Releasors"), does hereby acknowledge and represent that she has no current knowledge of any claim, cause of action, or suit against Defendant. This representation does not purport to release or impact any claims, causes of action, or suit that may arise after Plaintiff executes the Agreement.

6. **Impact on Rehire.** As part of the settlement, Plaintiff acknowledges and agrees that Defendant is under no obligation or duty to consider her for employment in the future. Plaintiff further agrees that if Defendant elects to employ Plaintiff, she agrees that she may be terminated at any time by Defendant.

7. **Settlement Approval and Dismissal.** The Parties will request that the Court review and approve this Agreement and that the Court dismiss with prejudice the above-styled lawsuit upon the effective date of this Agreement. If the Court rejects this Agreement, the Parties shall diligently work together to draft an Agreement that is approved by the Court. In the event the above-numbered and entitled lawsuit is not dismissed with prejudice after the Parties have reasonably exhausted efforts to seek Court approval, this Agreement shall become null and void and the Parties shall work cooperatively to obtain a new trial schedule from the Court.

8. **Tax Payment.** Except for employer withholdings associated with the settlement check for back wages, Plaintiff shall pay any and all taxes that may be due as a result of the settlement check for liquidated damages. Plaintiff agrees and affirms that she is not relying on any representation made by Defendant concerning whether or not the payment(s) are taxable as wages, as income, or otherwise, or concerning the amount of taxes that she may be required to pay as a result of the payment(s) or as a result of any payment of attorney's fees. Plaintiff agrees that she will not be entitled to any additional consideration under this Agreement as a result of any assessment of, or liability for, taxes as a result of the payment(s).

9. **Transfer of Claims**. Plaintiff represents and warrants that Plaintiff has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim. Plaintiff agrees to indemnify and hold Defendant harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer. Plaintiff further warrants that there is nothing that would prohibit Plaintiff from entering into this Agreement.

10. **Binding Effect.** This Agreement is to be construed and governed under the laws of the State of Massachusetts and shall bind the Parties and their respective heirs, estates, successors and assigns. If the Court in the above-styled lawsuit fails to approve the Agreement, Plaintiff agrees to expeditiously work with Defendant on drafting an agreement acceptable to both parties and the Court.

11. **Consideration and Acceptance of Agreement.** Plaintiff acknowledges that she has read the entire Agreement and specifically acknowledges the following: Plaintiff understands the language of the Agreement, and any questions she may have had during review of

the Agreement have been explained to her satisfaction and understanding. Plaintiff understands that she is not waiving any rights or claims which may arise after the date the Agreement is executed. Plaintiff has been advised and is again advised herein to consult with an attorney and/or other professional of her own choosing and has consulted with or had the opportunity to consult with legal counsel and other persons of her own choosing regarding this matter prior to the execution of the Agreement.

12. **Prevailing Party**. Neither Plaintiff nor Defendant shall be deemed the prevailing party. The Parties agree that no application for attorneys' fees will be submitted in any forum in connection with Plaintiff's claims or allegations.

13. **Breach**. The parties hereto acknowledge that any breach of this Agreement shall entitle the non-breaching party not only to damages, but also to injunctive relief to enjoin the actions of the breaching party, as well as costs, including fees of its attorneys, paralegals and legal assistants. The prevailing party in any such action shall be entitled to attorneys' fees and costs.

14. **Modification of Agreement.** Any uncertainty or ambiguity shall not be construed for or against any other party based on attribution of drafting to any party. Furthermore, this Agreement shall not be subject to modification or amendment by an oral representation, or any other written statement by either party, except for a dated written amendment to the Agreement signed by Plaintiff and Defendant prior to the Court's approval of this agreement.

15. **Severability.** The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the parties agree to enter into new provisions that are not invalid.

16. **Headings.** The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

17. **Jurisdiction and Venue.** The Parties hereto acknowledge that the Agreement is enforceable in the state courts of Massachusetts. Plaintiff and Defendant hereby waive any pleas of jurisdiction or venue as not being a resident of Massachusetts, and hereby specifically authorize any action brought upon the enforcement of the Agreement to be commenced or filed in the state courts of Massachusetts. The Parties hereby expressly waive any and all right to a trial by jury with respect to any action, proceeding or other litigation resulting from or involving the enforcement of the Agreement.

I HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND FULLY UNDERSTAND AND VOLUNTARILY AGREE TO BE LEGALLY BOUND BY THIS AGREEMENT.

_____
Jillian Parker

Date: __02/2/22_____

Denny's Inc.

By: ___*Gail Sharps Myers*_____   Date: __February 6, 2022_____
    DocuSigned by: E6539B7127D5404...

Its: ____General Counsel & Sec._____

WSACTIVELLP:12845814.1